J. B. KNOX v. E. B. SHANNON.

[Abstract Kentucky Law Reporter, Vol. 3—612.]

**Wrongful Levy on Personal Property.**

> Where one wrongfully causes an officer to levy an attachment on property not owned by the execution defendant, and in which he has no interest, such person is liable to the owner of such property for its value or for the damage sustained by its unlawfully being taken on such levy. .

APPEAL FROM HANCOCK CIRCUIT COURT.

February 2, 1882.

OPINION BY JUDGE PRYOR:

We perceive no objection to the judgment below. The law and facts were submitted to the court and the judgment rendered. The hay was levied on by the officer at the instance of the appellant and the appellee deprived of the possession. She may have employed the boat to take the hay to Memphis, but after the levy she had no control over it, nor did she undertake to exercise any. It matters not who took the hay from the river bank; the appellant is liable to the appellee for its value unless she consented to the taking. The levy was wrongful, and but for that the appellee would not have been deprived of the possession.

It is asserted, however, that the rain upon the hay injured its value and this could not have been avoided. The testimony for the appellee shows that the hay could have been protected from the rain and that it was her purpose to do so, until the levy was made, and the appellant could have protected it in the same way. The hay was of the value of $168. That much had been paid for it, and the judgment was for $192. The value of the hay, including attorney fees, was the amount of damage sustained. The fee was $25, but it is insisted this was for the whole case; yet it is evident it was on the attachment the defense was mainly directed.

The judgment below was proper under all the circumstances,

and the excuse offered by the appellant in the way of lessening the damages is not available as a defense.

Judgment *affirmed.*

*W. N. Sweeney & Son,* for appellant.

*Eli Brown,* for appellee.

